```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


JOSEPH MORROW, JR.,            §
TDCJ-CID #575128,              §
                               §
         Plaintiff,            §
                               §    CIVIL ACTION NO. H-05-2215
v.                             §
                               §
HARRIS COUNTY JAIL, et al.,    §
                               §
         Defendants.           §
```

**MEMORANDUM OPINION AND ORDER**

Joseph Morrow, Jr., a convicted felon and former inmate of the Harris County Jail, has filed a civil rights complaint under 42 U.S.C. § 1983 against Harris County Jail alleging discrimination and denial of medical care. Morrow has also filed an Application to Proceed In Forma Pauperis. After reviewing the pleadings, which include a response to the court's Order for More Definite Statement, this court has determined that Morrow should be granted permission to proceed as a pauper and that this action should be dismissed as frivolous.

### I.  Claims and Allegations

Morrow claims that he was denied adequate medical care after he suffered an accident in the jail. He further claims that the denial was discriminatory.

Morrow, who is African-American, states that he suffered a slip and fall accident on the jail's wet stairs during the evening of November 15, 2003. The stairs were wet because several deputies had opened bags of water in the inmate shower area. A similar accident involving a Caucasian inmate named Harrington had occurred only 45 minutes earlier that same night. The attending guard, Officer Brush, sent both Harrington and Morrow to the medical department for treatment. However, Morrow was only seen by a nurse and given a handful of Tylenol. When Morrow stated that he wanted to go to the hospital and see a doctor, the nurse replied that he needed to submit a sick call and would have to wait for three days before a physician could see him.

Morrow complains that he was transferred to the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) thirty days after his injury and was never seen by a doctor at the jail. He alleges that Harrington was treated for his injury and contends that race was a factor in the decision not to provide him the same attention. When asked which facts led him to believe that the action was discriminatory, Morrow responded that he could provide no reasons other than his Louisiana upbringing which qualified him to recognize "discrimination when it slaps me in the face."

Morrow asserts that his back continued to hurt him after his transfer to the TDCJ-CID. He also states that he did not receive

-2-

adequate treatment while he was at TDCJ-CID although he admits that several doctors saw him while he was there and that his back was x-rayed.  He further admits that work restrictions were placed on him while he was there.

Morrow seeks compensation for his pain and suffering.  He also wants to be compensated for the discrimination which he alleges occurred.

## II.  Analysis

Morrow's prisoner civil rights complaint is subject to dismissal if he cannot (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  See Moore v. Willis Independent School Dist., 233 F.3d 871, 874 (5th Cir. 2000), citing Lefall v. Dallas Independent School District, 28 F.3d 521, 525 (5th Cir. 1994).

In prisoner suits alleging dangerous conditions, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm and that the defendants were deliberately indifferent to the danger.  Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994).  Morrow's allegations regarding the accident itself do not support an actionable claim because the facts establish that the deputies were, at most, negligent and do not indicate that they were deliberately indifferent to his safety. See Walker v. Reed, 104 F.3d 156 (8th Cir. 1997) (slip and fall

incident in area in which numerous other inmates and guards had previously fallen).  It is not enough to show that the guards failed to exercise reasonable caution regarding the floor and stair surfaces; such an omission does not amount to deliberate indifference.  See Sawyer v. County of Creek, 908 F.2d 663, 667-68 (10th Cir. 1990) (allegations that defendants' level of care fell below accepted standards only support a finding of negligence, not deliberate indifference).  Their negligence was not a violation of Morrow's constitutional rights and is not actionable under section 1983.

Morrow's complaint that he was denied adequate medical care is not actionable either.  To assert a cognizable complaint of denial of adequate medical care, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 97 S.Ct. 285, 292 (1976). Morrow admits that the attending guard sent him to the infirmary immediately after the accident.  Therefore, the jailers cannot be held liable for denying him access to medical care. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995).

A nurse saw Morrow when he arrived at the infirmary and gave him Tylenol for his aching back.  Although the nurse's response may not have been exemplary, she did not ignore Morrow's ailment in such a manner that she could be found to have been deliberately

indifferent to his need for basic care.  See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).  Morrow's complaint of back pain was not a clear sign that serious medical care was immediately needed and that denial of attention from a licensed physician was in fact a violation of a prisoner's right to basic medical care.  Id. Morrow does not show that he was clearly in need of extensive care for his back or that the officials would have known of the need. He simply asserts his opinion that he should have been x-rayed and given further attention because he had fallen on his back. Morrow's personal opinion regarding the type of medical treatment he needed does not support an actionable prison civil rights claim. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995)

Morrow states that he was transferred out of Harris County Jail about a month after the accident occurred.  While at the TDCJ-CID, Morrow was x-rayed and examined by physicians, but there was no diagnosis indicating that he needed hospitalization despite his complaints of back pain.  At the most, Morrow's facts indicate that some jail officials may have delayed his access to a doctor's care. However, there is no indication that this delay resulted in substantial harm.  Without such a showing, he cannot establish deliberate indifference.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

The allegations on which Morrow bases his discrimination claim are speculative.  He presents no facts to support his argument

other than the fact that a Caucasian inmate was supposedly given more attention. Conclusory allegations of discrimination do not support a finding of a constitutional violation. Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1193 (5th Cir. 1985). Morrow's claim is subject to dismissal because there are no facts that show that the alleged inconsistent courses of treatment were the product of discriminatory intent. See Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993).

As stated above, Morrow has filed an Application to Proceed In Forma Pauperis (Docket Entry No. 11), which shall be granted. However, Morrow is still obligated to pay the fee. See Gay v. Texas Dept. of Corrections State Jail Div., 117 F.3d 240 (5th Cir. 1997). Accordingly, the court will order Morrow to pay an initial partial filing fee of $10.00 to the Clerk of this court within 30 days of the date this Order. Thereafter, Morrow shall pay $10.00 on the first day of each month to the Clerk, starting no later than sixty days after the date of this Memorandum Opinion and Order, until the entire filing fee ($250.00) has been paid. Any payment submitted to the Clerk shall be identified by the cause number of this action, H-05-2215.

Pursuant to his application, Morrow has been granted permission to proceed as a pauper. An in forma pauperis complaint may be dismissed if the court finds that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Such a complaint is frivolous if it

lacks an arguable basis in law.  Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).  This action will be dismissed as frivolous because the claims are legally baseless.

### III.  Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 11) is **GRANTED**.

2. Joseph Morrow is **ORDERED** to pay the filing fee pursuant to the terms set forth in this Memorandum Opinion and Order.

3. This complaint filed by Inmate Joseph Morrow, Jr., TDCJ-CID #575128, is **DISMISSED** because it is frivolous.  28 U.S.C. § 1915(e)(2).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 11th day of May, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE